Exhibit 6
All Pleadings Asserting Causes of Action

RECEIVED

APR 06 2015

GENERAL COUNSEL

FILED: 3/23/2015 4:23:49 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Kelly Smith, Deputy

CAUSE NO. 15-02298-431

| | | |
|---|---|---|
| KYLE KIRKPATRICK, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DENTON COUNTY, TEXAS |
| | § | |
| DRIVING 101, LLC, and | § | |
| KANE ADAM ZITTLOW | § | |
| | § | |
| Defendants. | § | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION
AND REQUESTS FOR DISCLOSURE**

COMES NOW Plaintiff Kyle Kirkpatrick ("Plaintiff"), and files this his Original Petition and Requests for Disclosure (the "Petition") against Defendants Driving 101, LLC and Zane Adam Zittlow (collectively "Defendants"), and in support respectfully shows as follows:

**I.
DISCOVERY CONROL PLAN AND CLAIM FOR RELIEF**

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Rule 169 because Plaintiff seeks monetary relief over $1,000,000. Plaintiff reserves the right to amend his claim for relief based on discovery in this matter.

**II.
PARTIES**

Plaintiff Kyle Kirkpatrick is a resident of Denton County, Texas.

Defendant Driving 101, LLC ("Driving 101"), a foreign corporation organized and existing under the laws of North Carolina, whose principal office is located at 6025 Victory Lane, Concord, North Carolina 28027, may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, TX 78701, as its agent for service because

PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE          PAGE 1

Defendant Driving 101, LLC engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas.

Defendant, Kane Adam Zittlow ("Zittlow"), an individual who is a nonresident of Texas and whose home is located at 2400 Nancy Lane, Harrisburg, North Carolina 28075, may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th St., Austin, TX 78701, as Defendant's agent for service because Defendant was a party to a collision while operating a motor vehicle in Texas.

## III.
## JURISDICTION & VENUE

The Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

Venue is proper in Denton County under Texas Civil Practice & Remedies Code Section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County.

## IV.
## FACTS

On or about September 18, 2014, at or near the intersection of Highway SH 114 (east bound) and Raceway Drive in Northlake, TX, Plaintiff was east bound on SH 114 when Defendant Zittlow, driving a vehicle owned by Defendant Driving 101, attempted to cross SH 114, failing to yield the right-of-way and causing a collision between Plaintiff's vehichle and Defendants' vehicle and injuries to Plaintiff (the "Collision").

## V.
## NEGLIGENCE

Defendants had a duty to exercise ordinary care and operate Defendants' vehicle reasonably and prudently.

Defendants breached the duty of care in the following ways:

   a) Failing to timely apply the brakes;
   b) Failing to maintain a proper lookout;
   c) Failing to maintain proper control of Defendants' vehicle;
   d) Failing to turn the vehicle to avoid the collision; and
   e) Failing to yield the right-of-way.

Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in significant damages.

## VI.
## NEGLIGENCE PER SE

Defendants' negligence described above violated Texas Transportation Code Section 545.151 which requires a driver to yield the right-of-way at an intersection.

The statute is designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff.

Defendants' violation of the statute was without a legal excuse.

Defendants' breach of duty imposed by the statute proximately caused injury to Plaintiff, which resulted in significant damages.

## VII.
## VICARIOUS LIABILITY OF DEFENDANT DRIVING 101

At all relevant times, Defendant Zittlow was acting in the course and scope of his employment with Defendant Driving 101, or was acting at all times as the agent of Defendant

Driving 101. As a result, Defendant Driving 101 is vicariously liable for any personal injuries proximately caused to Plaintiff as the result of the actions or omissions of its actual or borrowed agents, representatives, or employees, including but not limited to Defendant Zittlow.

## VIII.
## DAMAGES

As a proximate cause of Defendants' negligent acts and/or omissions, Plaintiff suffered damages and injuries that include, but are not limited to:

a) physical damages to his body resulting in extreme pain, discomfort and suffering;

b) physical damages to his body resulting in permanent physical impairment;

c) physical damages to his body resulting in permanent disfigurement;

d) physical damages and emotional distress as a result of withdrawal from pain medication;

e) suffer severe emotional distress and mental anguish;

f) loss of the normal enjoyment of the pleasures of life;

g) surgical procedures which required prolonged physical therapy;

h) substantial medical expenses to treat his injuries, initially, and subsequent follow-up care by physicians for continued treatment, indefinitely;

i) lost wages; and

j) reduced earning capacity.

All of the damages described above will persist well into the future, if not for the rest of Plaintiff's life.

## IX.
## REQUESTS FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of service of this Petition, the information or material described in Rule 194.2.

## X.
## JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with the filing of this Petition.

## XI.
## OBJECTION TO ASSOCIATE JUDGE

Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kyle Kirkpatrick prays that the Court issue citation for Defendants Driving 101, LLC and Zane Adam Zittlow to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a) Actual damages in an amount in excess of the jurisdictional limits of this Court;

b) Prejudgment and postjudgment interest at the maximum legal rate;

c) Court costs, including discretionary costs; and

d) All other relief, whether at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

Gregory J. McCarthy
State Bar No. 13367500
2222 Patterson Place
Arlington, Texas 76012
Phone: (214) 448-7154
Fax:   (817) 261-1688
gregmccarthy@sbcglobal.net

ATTORNEY FOR PLAINTIFF