IN THE UNITED STATES DISRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KYLE KIRKPATRICK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 4:15cv308 |
| v. | § | Judge Mazzant |
| | § | |
| DRIVING 101, LLC, and | § | |
| KANE ADAM ZITTLOW | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Plaintiff Kyle Kirkpatrick ("Plaintiff"), and files this his Amended Complaint against Defendants Driving 101, LLC and Zane Adam Zittlow (collectively "Defendants"), and in support respectfully shows as follows:

1. Plaintiff Kyle Kirkpatrick is a resident of Denton County, Texas.

2. Defendant Driving 101, LLC ("Driving 101"), a foreign corporation organized and existing under the laws of North Carolina, whose principal office is located at 6025 Victory Lane, Concord, North Carolina 28027, was served with process in the underlying state district court action by serving the Texas Secretary of State as its agent for service because Defendant Driving 101, LLC engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas.

3. Defendant, Kane Adam Zittlow ("Zittlow"), an individual who is a nonresident of Texas, was served with process by serving the Chairman of the Texas Transportation Commission as his agent for service because Defendant was a party to a collision while operating a motor vehicle in Texas.

1

4. Defendants removed this case to this Court after the underlying state court action was filed. The Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

5. Venue is proper in the Sherman Division pursuant to 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claim occurred within the boundaries of the Sherman Division .

6. On or about September 18, 2014, at or near the intersection of Highway SH 114 (east bound) and Raceway Drive in Northlake, TX, Plaintiff was east bound on SH 114 when Defendant Zittlow, driving a vehicle owned by Defendant Driving 101, attempted to cross SH 114, failing to yield the right-of-way and causing a collision between Plaintiff's vehichle and Defendants' vehicle and injuries to Plaintiff (the "Collision").

7. Defendants had a duty to exercise ordinary care and operate Defendants' vehicle reasonably and prudently.

8. Defendants breached the duty of care in the following ways:

    a)     Failing to timely apply the brakes;

    b)     Failing to maintain a proper lookout;

    c)     Failing to maintain proper control of Defendants' vehicle;

    d)     Failing to turn the vehicle to avoid the collision; and

    e)     Failing to yield the right-of-way.

9. Defendants' breach of duty proximately caused injury to Plaintiff, which resulted in significant damages.

10. Defendants' negligence described above violated Texas Transportation Code Section 545.151 which requires a driver to yield the right-of-way at an intersection.

11. The statute is designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff.

12. Defendants' violation of the statute was without a legal excuse.

13. Defendants' breach of duty imposed by the statute proximately caused injury to Plaintiff, which resulted in significant damages.

14. At all relevant times, Defendant Zittlow was acting in the course and scope of his employment with Defendant Driving 101, or was acting at all times as the agent of Defendant Driving 101. As a result, Defendant Driving 101 is vicariously liable for any personal injuries proximately caused to Plaintiff as the result of the actions or omissions of its actual or borrowed agents, representatives, or employees, including but not limited to Defendant Zittlow.

15. As a proximate cause of Defendants' negligent acts and/or omissions, Plaintiff suffered damages and injuries that include, but are not limited to:

    a)    physical damages to his body resulting in extreme pain, discomfort and suffering;

    b)    physical damages to his body resulting in permanent physical impairment;

    c)    physical damages to his body resulting in permanent disfigurement;

    d)    physical damages and emotional distress as a result of withdrawal from pain medication;

    e)    suffer severe emotional distress and mental anguish;

    f)    loss of the normal enjoyment of the pleasures of life;

    g)    surgical procedures which required prolonged physical therapy;

    h)    substantial medical expenses to treat his injuries, initially, and subsequent follow-up care by physicians for continued treatment, indefinitely;

    i)    lost wages; and

   j)  reduced earning capacity.

16. All of the damages described above will persist well into the future, if not for the rest of Plaintiff's life.

17. Plaintiff demands a jury trial and tenders the appropriate fee with the filing of this Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kyle Kirkpatrick prays that the Court issue citation for Defendants Driving 101, LLC and Zane Adam Zittlow to appear and answer, and that Plaintiff be awarded a judgment against Defendants for actual damages in an amount in excess of the jurisdictional limits of this Court, plus prejudgment and post-judgment interest at the maximum legal rate, court costs, including discretionary costs, and all other relief, whether at law or in equity, to which Plaintiff is justly entitled.

            Respectfully submitted,

            */s/ Gregory J. McCarthy*

            Gregory J. McCarthy
            State Bar No. 13367500
            2310 Interstate 20
            Suite 101
            Arlington, Texas 76017
            gregmccarthy@sbcglobal.net
            Tel: (817) 366-9462
            Fax: (817) 856-6090

            ATTORNEY FOR PLAINTIFF